1  SEYFARTH SHAW LLP
   Lawrence E. Butler (State Bar No. 111043)
2  Andrea Anapolsky (State Bar No. 238297)
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant
   ROLF C. HAGEN (USA) CORP.
6
   LAW OFFICES OF CHRISTOPHER W. SWEENEY
7
   Christopher W. Sweeney (SBN 143217)
8  1500 Oliver Road Suite K, PMB 321
   Fairfield, CA 94535
9  Telephone: (707) 435-1244
   Facsimile: (707) 435-1245
10
   Attorneys for Plaintiff
11 BOLAND, INC., A California corporation dba S&S SUPPLIES

                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA

| BOLAND INC., a California corporation dba S&S Supplies, | Case No. 2:08-cv-02201-LKK-JFM |
|---|---|
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| ROLF C. HAGEN (USA) CORP., | |
| Defendant. | |

Plaintiff Boland, Inc., a California Corporation dba S&S Supplies ("Plaintiff") and Rolf C. Hagen (USA) Corp., ("Defendant") (Plaintiff and Defendant are referred to collectively as "the Parties") hereby stipulate by and through their respective attorneys of record as follows:

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the litigation would be warranted.  Accordingly, the Parties hereby stipulate to and petition the court to enter this Stipulated Protective Order ("Order").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The Parties further acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal; Local Rule 39-141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.      DEFINITIONS**

    **2.1      Party:**  any party to the action, including all of its officers, directors, employees, consultants, members, representatives, and outside counsel (and their support staff).

    **2.2      Disclosure or Discovery Material:**  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this action.

**2.3** **"Confidential" Information or Items:** information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under California law.

**2.4** **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.5** **Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in the action.

**2.6** **Designating Party:** a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

**2.7** **Protected Material:** any Disclosure or Discovery Material that is designated as "Confidential."

**2.8** **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party to serve as an expert witness or as a consultant in this action.

**2.9** **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.** **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof plus testimony, conversations, or presentations by Parties or their Counsel to or in court or in other settings that might reveal Protected Material.

**4.     DURATION**

Even after the termination of litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.     DESIGNATING PROTECTED MATERIAL**

**5.1     Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies for protection under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If a Party or non-party determines that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2     Manner and Timing of Designations.**  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party either affix the legend "CONFIDENTIAL" on each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. Unless otherwise stated by the Producing Party, during the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL" on each page that contains Protected Material.

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 10 days after receipt of the transcript to identify the specific portions of the testimony that are to be designated "CONFIDENTIAL." Only those portions of the testimony that are appropriately designated for protection within the 10 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

**5.3     Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  In the case of an inadvertent failure to designate, the Receiving Party shall have no liability, including, without limitation, for sanctions, for disclosures of materials that are subsequently designated as "CONFIDENTIAL."

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1     Timing of Challenges.**  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2     Meet and Confer.**  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the

process by conferring with the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**6.3     Judicial Intervention.**  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1     Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below.

7
Stipulated Protective Order / 2:08-CV-02201-LKK-JFM

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2    Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Court, persons employed by the Court, the stenographer transcribing the testimony or argument at a hearing, trial, or deposition in this action, and any special master or mediator appointed by the court or agreed-to by the Parties;

(b)    Counsel of record for any party to this action, as well as regular employees of such counsel;

(c)    Experts and consultants retained by any party or counsel of record for any party to assist in the defense or prosecution of this litigation, to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    Any employee, former employee, agent or independent contractor of any Party who is requested by counsel to assist in the defense or prosecution of this litigation, provided, however, that disclosure of the Confidential Information to said individual is made only to the extent necessary to perform such assistance;

(f)    Court reporters, their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(g)    the author of the document or the original source of the information.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena that would compel disclosure of any information or items designated as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax and/or electronic mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested Parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in either action to disobey a lawful directive from another court.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.     FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Material that: a) identifies a Party's customers or the terms of their contracts (unless all information identifying said customer and the contract terms are redacted); or b) a document containing personal information regarding a Party's employees (unless all information identifying said employee is redacted).  When filing document containing such unredacted Protected Material the Parties will comply with Local Rules 39-140 and 39-141.

**11.     FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of the action, each Receiving Party must return or destroy all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.

Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12. MISCELLANEOUS**

    **12.1  Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    **12.2  Right to Assert Other Objections.**  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  In particular, nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

DATED: \_\_\_\_, 2009                    SEYFARTH SHAW LLP


By_____
    Lawrence E. Butler
    Andrea Anapolsky
    Attorneys for Defendant
ROLF C. HAGEN (USA) CORP.


DATED: September 29, 2009              LAW OFFICES OF CHRISTOPHER W.SWEENEY


By_____
    Christopher W. Sweeney
Attorneys for Plaintiff
BOLAND, INC., A California corporation
dba S&S SUPPLIES

**ORDER**

It is so ordered.

DATED: October 14, 2009.

/s/ John F. Moulds
John F. Moulds
U.S. Magistrate Judge

/boland.po